Zieve, Brodnax & Steele, LLP
Erin M. McCartney, Esq. #308803
Mark S. Krause, Esq. #302732
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: (714) 848-7920
Facsimile: (714) 908-7807
Email: bankruptcy@zbslaw.com

Attorneys for Secured Creditor, Bank of America, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Chris Monet,<br><br>Debtor. | Case No.: 18-51420<br><br>Chapter: 13<br><br>**OPPOSITION TO AND MOTION TO STRIKE DEBTOR'S MOTION FOR SUMMARY JUDGMENT, AND IN THE ALTERNATIVE SUMMARY ADJUDICATON ON DEBTOR'S OBJECTION TO CLAIM NUMBER 6 OF CREDITOR BANK OF AMERICA N.A. AND SHELLPOINT; DEBTOR'S MOTION FOR DETERMINATION OF PREVAILING PARTY STATUS; DEBTOR'S MOTION FOR ATTORNEY FEES; AND DEBTOR'S MOTION FOR CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION**<br><br>**Hearing:**<br>Date: May 23, 2019<br>Time: 9:30 a.m.<br>Place: San Jose Courtroom 3020 |

**TO THE HONORABLE ELAINE M. HAMMOND, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 13 TRUSTEE, AND OTHER INTERSTED PARTIES:**

1

Bank of America, N.A. ("Secured Creditor") hereby submits the following Opposition to Debtors' Motion for Summary Judgment, and in the Alternative Summary Adjudication on Debtor's Objection to Claim Number 6 of Creditor Bank of America N.A. and Shellpoint; Debtor's Motion for Determination of Prevailing Party Status; Debtor's Motion for Attorney Fees; and Debtor's Motion for Contempt for Violation of the Discharge Injunction (hereinafter the "Motion for Summary Judgment").

## I. STATEMENT OF FACTS

1. Debtor filed for Bankruptcy under Chapter 13 on June 25, 2018.

2. On September 4, 2018, Secured Creditor filed a Proof of Claim (Claim No. 6-1).

3. Per the Proof of Claim, the total delinquency at the time of Debtor's Bankruptcy filing was $305,048.33and the total debt was $588,437.76.

4. On December 7, 2018, Debtor filed an Objection to Secured Creditor's Claim. In his Objection to Claim, Debtor admits that he signed the Note and Deed of Trust, but further claims that he did not actually borrow the money from the original lender, and that the original lender did not record the Deed of Trust.

5. A hearing on Debtor's Objection took place on January 31, 2019. Debtor's Counsel argued that a Judgement entered in a previous Quiet Title action filed by Debtor should bar Secured Creditor from making a claim due to the doctrine of collateral estoppel. Debtor's Counsel further argued that Debtor never actually borrowed funds from Secured Creditor in the first Place. The Court continued the hearing and ordered Secured Creditor to file a responsive brief to address the issues raised by Debtor.

6. Secured Creditor filed a Supplemental Brief in Support of its Opposition to Debtor's Objection to Claim on March 15, 2019 ("Supplemental Brief"). In its Supplemental Brief, Secured Creditor pointed out that the default Judgement in Debtor's Quiet Title Action was

not effective as to Secured Creditor as Secured Creditor was not a named party, Secured Creditor was provided no notice of the Quiet Title Action, and upon a review of the Docket of Case No. CV176865 Secured Creditor could not find any proof of service which included Secured Creditor. In fact, the only named party, was Washington Mutual Mortgage Securities, which held a prior mortgage lien on the Property that was subsequently paid in full through the funds borrowed by Debtor when Debtor took out the mortgage in question from the original lender, America's Wholesale Lender. Thus, Debtor's Quiet Title Action only effectively quieted title with regards to the prior mortgage lien held by Washington Mutual Mortgage Lien, and any attempt to allow the default judgement to be effective as to Secured Creditor's lien would be a clear violation of Due Process.

7. Additionally, Secured Creditor demonstrated that Debtor did borrower the funds obtained for the mortgage loan in question by providing copies of both a Final and an Estimated HUD Settlement Statement, the latter which was signed by Debtor. Both HUD Settlement Statements list the Lender as America's Wholesale Lender, the Seller as Washington Mutual Mortgage Securities Corporation, and the Borrower as Chris Monet. Both the Final and Estimated HUD Settlement Statements also list, in detail, the funds that Borrower obtained from the Lender and then used to pay the Seller. The Estimated HUD Settlement Statement further includes a HUD-1 Sentiment Statement Certification page that specifically states "I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement." The HUD-1 Settlement Statement Certification appears to bear the signature of Chris Monet under the section marked "Buyer's Signatures". Secured Creditor also provided a payment history, which demonstrated that Debtor made monthly mortgage payments on the loan

3

in question for more than one year, and a Declaration of Lolita Millner in Support of the Supplemental Brief.

8. A continued hearing on Debtor's Objection to Claim took place on March 31, 2019. At the continued hearing, Debtor's Counsel presented additional arguments that were not raised in any of the prior pleadings. Most notably, Debtor's Counsel claimed that Debtor obtained a discharge in 2013 in a prior Chapter 7 Bankruptcy case, which would bar Secured Creditor from having an unsecured claim in the instant case. The Court declined to make any ruling base upon arguments that were not raised in any pleading. The Court continued the matter to July 18, 2019 and set a discovery cutoff deadline of June 28, 2019.

9. On April 4, 2019, Debtor's Counsel emailed Counsel for Secured Creditor, arguing that Secured Creditor has no Secured Claim due to the sale of the Property and no Unsecured Claim due to the discharge obtained in Debtor's prior Chapter 7 Bankruptcy Case. For these reasons, Debtor's Counsel stated that Secured Creditor must withdraw its claim. Additionally, Debtor's Counsel claimed Debtor was entitled to attorney's fees and additional damages for violating the discharge injunction, and under Civil Code 1717 and under Rule 9011. Debtor's Counsel stated that Debtor would not pursue further claims or damages if Secured Creditor agreed to withdraw the claim and pay Debtor's attorney's fees. Debtor's Counsel stated that Secured Creditor had until April 10, 2019 to respond before Debtor's Counsel would proceed.

10. Counsel for Secured Creditor responded to Debtor's Counsel's email and stated that Counsel for Secured Creditor would inform Secured Creditor and provide Secured Creditor's response prior to the deadline provided by Debtor's Counsel.

11. Instead of waiting for Secured Creditor's response, Debtor's Counsel filed an Amended Objection to Claim on April 8, 2019, restating the same original false arguments, but

4

adding that that Secured Creditor violated the discharge injunction and requesting attorney's fees under Cal. Civil Code §1717. Debtor's Counsel also propounded discovery requests upon Secured Creditor, that were served on April 8, 2019.

12. On April 19, 2019, Secured Creditor filed an Amended Motion to Withdraw Proof of Claim No. 6-1 and Opposition to Debtor's Amended Objection to Claim of Secured Creditor Bank of America N.A., Claim Number 6 ("Motion to Withdraw Claim"). In its Motion to Withdraw Claim, Secured Creditor argued that the Court should allow Secured Creditor to withdraw its Proof of Claim and that all pending matters arising out of Debtor's Objection to Secured Creditor's Claim should be taken off calendar and considered resolved. Secured Creditor also argued that the Court should deny Debtor's requests for attorney's fees, as they are not entitled to attorney's fees under the law, and Debtor should not be awarded attorney's fees due to Debtor's bad faith conduct.

13. On April 22, 2019, Debtor filed the instant Motion for Summary Judgment, reiterating the previous arguments contained in Debtor's Amended Objection to Claim, particularly in regard to Debtor's request for attorney's fees under Cal. Civil Code § 1717 and for violation of the Discharge Injunction. However, now, instead of the previously requested $5,504.75 in attorney's fees, Debtor had increased the request to $12,832.75 as a result of the additional pleadings and discovery requests.

14. Also, on April 22, 2019, Debtor filed an Opposition to Secured Creditor's Motion to Withdraw Claim, arguing that the Court should make a dispositive ruling on the merits rather than allowing voluntary dismissal, and in the alternative, the Court should only allow withdrawal with prejudice and an award of attorney's fees.

///

///

## II. LAW AND ARGUMENT

**A. Debtor's Motion for Summary Judgement Should be Denied**

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought . . . " and " . . . [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. the "[S]ubstantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986).

Rule 3001(f) provides that a claim filed in accordance with the rules "shall constitute prima facie evidence of the validity of the amount of the claim." To rebut the prima facie validity of a claim, the objecting party must provide "substantial evidence." In re Hayes, 393 B.R. 259, 269 (Bankr. D. Mass. 2008). The "substantial evidence" provided must be equal in probative force to the prima facie validity of the creditor's secured claim. Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991); United States Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 2010 (B.A.P. 9th Cir. 2006).

Despite the fact that the Court noted at most recent hearing on March 21, 2019 that there were several open questions of fact upon which the Court has not made any determination, Debtor asserts in his Motion for Summary Judgment that there is no longer any dispute as to any material fact with regards to Debtor's Objection to Secured Creditor's Proof of Claim. Debtor further claims that despite whatever facts may still be in dispute, there is no dispute that Debtor obtained a discharge in his prior Chapter 7 Bankruptcy Case No. 12-57936 and that Debtor did not own the property now or when Debtor filed the instant Bankruptcy case. Debtor claims that

6

these two purportedly established facts are sufficient on their own to allow the Court to render a final decision regarding the Objection to Secured Creditor's Claim.

Secured Creditor disputes the claim that there is no dispute regarding any material fact in this case. First, there is a legitimate question of fact as to whether Debtor obtained his Chapter 7 discharge through a fraudulent concealment of his ownership of the Property by not disclosing his interest in the Property in his sworn bankruptcy schedules. Even if the Statute of Limitations may bar Secured Creditor from requesting a revocation of Debtor's discharge, it may be that Secured Creditor could have an unsecured claim based on a cause of action for fraud as the three-year Statute of Limitations in California for fraud does not begin to run "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code of Civ. Pro. § 338(d).

Second, despite Debtor's claims regarding Debtor's lack of any ownership interest in the Property, there may also be a potential dispute over this fact as well. Secured Creditor notes that while Debtor previous stated in multiple pleadings that the Property was sold in 2014, Debtor now appears to be claiming that the Property was sold to Maria Hasbun in 2016. Secured Creditor also notes that Debtor has engaged in multiple unauthorized transfers of interest in the Property prior to 2016.[1] Given these facts and Debtor's general pattern of bad faith, it is not inconceivable that Maria Hasbun may not be a bona fide purchaser and Debtor may still have some interest in the Property. No evidence has been presented that would either confirm or deny Maria Hasbun's status as a bona fide purchaser. If the Court were to deny Secured Creditor's Motion to Withdraw its Proof of Claim and require Secured Creditor to continue to participate in this dispute over the Proof of Claim, Secured Creditor would propound discovery to investigate the nature of the sale to Ms. Hasbun and to determine whether or not Debtor still retains any

---

[1] See Exhibit "2" attached to Secured Creditor's Motion to Withdraw its Proof of Claim; Docket No. 76.

7

interest in the Property.  For these reasons, the Court should deny the Motion for Summary Judgment on the merits.

Additionally, Secured Creditor believes that the Court should deny the Motion for Summary Judgment as it is not necessary for the Court to make a ruling on the matter due to Secured Creditor's Motion to Withdraw its Claim and because Debtor's sole purpose in filing the Motion for Summary Judgment appears to be to recover attorney's fees that Debtor is not entitled to recover.

**B.     Debtor's Motion for Determination of Prevailing Party Status Should be Denied**

Debtor argues that the Court should make a determination that Debtor is the prevailing party with regards to the dispute over Debtor's Objection to Secured Creditor's Proof of Claim because there is no longer any dispute over a material fact in the case and because Secured Creditor's Motion to Withdraw was filed as a consequence of Debtor demonstrating the lack of a dispute over any material fact.  As previously stated, it is not true that there is no longer any dispute as to any material fact with regards to Debtor's Objection to Secured Creditor's Proof of Claim.  Furthermore, despite Debtor's claims to the contrary, a voluntary dismissal of an action is not "the textbook definition of prevailing."  Specifically, a voluntary dismissal before a final ruling is inconsistent with the definition of a prevailing party for the purposes of Cal. Civil Code §1717, which states in relevant part that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section."  Cal. Civil Code §1717(b)(2).

Furthermore, as Secured Creditor has previously pointed out, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") has already ruled on the specific issue at hand, finding that a Debtor was not entitled to attorney's fees as the prevailing party under Cal. Civil Code §1717 when the Creditor implicitly withdraw its Proof of Claim by filing an Amended Proof of Claim.  See *In re Brosio*, 505 B.R. 903, 913 (B.A.P. 9th Cir. 2014).  The Court specifically stated that

Amending the Proof of Claim was the equivalent of "implicitly withdrawing the original POC." *Id.* at 907. The Court went on to state that, due to the withdrawal of the Proof of Claim, "[n]o 'final resolution' was ever entered by a court on Deutsche Bank's POC or Brosio's Claim Objection, whether it be on the entire claim or the discrete proceeding over the disputed fee." *Id.* at 912. As a result, the Court found that the Debtor in that case was not entitled to recover attorney's fees under Cal. Civil Code §1717, concluding that "'some' order or judgment must exist before a party can move for, or be entitled to, attorney's fees under CCC § 1717." *Id.* Finally, the Court also concluded that the Debtor in that case was precluded from being the prevailing party under Cal. Civil Code §1717(b)(2), as the implicit withdrawal of Secured Creditor's Proof of Claim "as akin to a voluntary dismissal, which prevented defendant Brosio from prevailing on her claim." *Id.* at 913.

Although Debtor attempts to sidestep the Court's decision in *Brosio* by pointing out the factual dissimilarities of the cases, Debtor is incorrect in claiming that the Court's decision "is not a rule, but a specific holding in that case on facts that are not similar to the facts here."[2] While the facts of the cases are not identical, the relevant facts are clearly similar enough to fall indisputably under the Court's ruling in *Brosio*. The only significant factual dissimilarly raised by Debtor is the scope of the Objection to Claim filed in each case. Debtor appears to claim that the ruling in *Brosio* only applies when an objection to a proof of claim is based on a specific charge found in the proof of claim, rather than an objection to the proof of claim in its entirety. However, such a reading of *Brosio* ignores the Court's plain statements in articulating the decision. The Court found that the relevant issue was not the stakes of the controversy, but whether or not "'some' order or judgment" exists, and the Court based its decision on the fact that "[n]o 'final resolution' was ever entered by a court . . . whether it be on the entire claim or the

---

[2] See Debtor's Motion for Summary Judgement, page 9, lines 26-27.

9

discrete proceeding over the disputed fee." *Id*. at 912. In this respect, the cases are identical in that no final decision on the merits has been issued in this case. The cases are likewise relevantly similar with regards to the Court's reasoning concerning Cal. Civil Code §1717(b)(2) in that the original Proof of Claim was voluntarily withdrawn by each creditor prior to a decision on the merits, which the Court ruled constituted a "voluntary dismissal" for the purposes of §1717(b)(2). Therefore, *Brosio* is entirely on point, and Debtor presents no relevant legal authority to dispute the Court's reasoning in that case. As a result, the Court should find that Debtor is not the "prevailing party" for the purposes of Cal. Civil Code §1717 and is therefore not entitled to recover attorney's fees under that code section.

**C.     Debtor's Motion for Attorney's Fees Should be Denied**

   **i.     Debtor is not Entitled to Attorney's Fees under 11 U.S.C. §105 for False and or Fraudulent Proof of Claim**

Debtor next tries to claim that he is entitled to attorney's fees under the broad powers afforded the bankruptcy courts to carry out the provisions of the bankruptcy code per 11 U.S.C. § 105. Debtor urges the Court to utilize these broad powers to sanction Secured Creditor for filing a false or fraudulent claim. Debtor specifically references the Federal Criminal Code along with the Bankruptcy Code. Debtor also attempt to slip in a request for Sanctions under Rule 9011 within the middle of Debtor's argument for sanctions under 11 U.S.C. §105.

First, Secured Creditor notes that no relevant decision in the Ninth Circuit appears to have considered the appropriateness of granting sanctions for filing a false or fraudulent claim under 11 U.S.C. §105. As the Court notes in the Virginia Bankruptcy Case referenced by Debtor notes, "Courts that have considered the availability of 11 U.S.C. § 105 as a means to sanction the filing of fraudulent proofs of claim are split over the question of whether § 105 provides a basis for the imposition of sanctions for the filing of such a claim. A number of courts have concluded § 105 does not provide a private cause of action for this purpose." *In re Varona*, 388 B.R. 705, 715

10

(Bankr. E.D. Va. 2008). Thus, it is not clear whether or not this Court has the authority to award sanctions for filing a false or fraudulent proof of claim under 11 U.S.C. §105, and Debtor has not provided any briefing on that issue.

Second, if Debtor were to use the Federal Criminal Code as a standard for determining whether sanctions are appropriate, Debtor's it is patently clear that sanctions are not appropriate. 18 U.S.C. §152 provides criminal liability in relevant part for any "person who – (4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney." 18 U.S.C. §152(4). Debtor must therefore demonstrate that Secured Creditor *knowingly and fraudulently* filed a false proof of claim. Thus, all the arguments presented by Debtor that attempt to demonstrate that Secured Creditor should have known that it did not have a valid claim are irrelevant for the purposes of this standard. The relevant question is whether Secured Creditor, did in fact know that it had no claim.

Debtor has clearly failed to demonstrate that Secured Creditor knowingly and fraudulently filed a false claim. Secured Creditor is the successor in interest of the creditor that issued Debtor a mortgage loan on or about April 10, 2007. Secured Creditor filed its Proof of Claim No. 6 with a properly endorsed Note and Deed of Trust signed by Debtor and an Assignment of the Deed of Trust from MERS to Secured Creditor. Thus, there was certainly no lack of evidence in support of Secured Creditor's belief that it had the right to bring a claim in the instant case.

With regards to whether or not Secured Creditor knew about the filing of Debtor's prior Chapter 7 bankruptcy case, it seems overwhelmingly likely that it did not, or else it would likely have participated in the case in some way to protect its interests. At the very least, Secured Creditor would likely have attempted some action to prevent Debtor from obtaining a discharge through fraudulent means by concealing his interest in the Property in that case. Although Debtor

11

claims that Secured Creditor was provided notice of the Bankruptcy filing, the mere fact that Bank of America, N.A. was listed in Debtor's bankruptcy petition as having been served at multiple different addresses does not demonstrate that either that such notice was proper[3] or that Secured Creditor actually knew about the filing. Neither does the fact that Bank of America, N.A. was listed as being served in the bankruptcy petition demonstrate that Secured Creditor knew of the bankruptcy proceeding and resultant discharge at the time Secured Creditor prepared and filed its Proof of Claim.

With regards to whether or not the filing of Debtor's pleadings provides clear evidence that Secured Creditor knowingly and fraudulently filed a false proof of claim, such a contention is not tenable, as the relevant period of time was the period during which Secured Creditor filed the Proof of Claim. Furthermore, both the first and second Objections to Secured Creditor's Proof of Claim filed by Debtor contained multiple factual inaccuracies[4] and failed to include any mention of Debtor's discharge in his previous Chapter 7 bankruptcy case. Debtor did not include his argument regarding the prior discharge in an actual pleading until he filed his Amended Objection to Claim on April 8, 2019. Even if any of these pleadings did actually cause Secured Creditor to come to the knowledge that it had filed a false claim, Secured Creditor has failed to cite to any legal authority or rationale that would support a finding that Secured Creditor should be sanctioned for attempting to withdraw its proof of claim too slowly.

Thus, what the facts demonstrate, is that Secured Creditor believed it had a valid claim based on the mortgage loan Debtor obtained from Secured Creditor in 2007 and filed a Proof of

---

[3] For adequate service in that case. Rule 7004(b)(3) states: (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant. Fed. R. Bankr. P. 7004(b)(3)

[4] Including that the Property was soled in 2014 rather than 2016 and the clear misstatement of fact that Debtor never borrowed the funds in question.

Claim with supporting documentation accordingly. Upon being made aware of the allegations raised in Debtor's first Objection to its Proof of Claim, Secured Creditor filed an opposition to provide time to investigate the specific allegations raised in that pleading, and filed a Supplemental Brief demonstrating that many of the facts in that pleading were false. Subsequently, upon being made aware of Debtor's prior Chapter 7 discharge, Secured Creditor investigated the facts and considered its resulting legal options before ultimately agreeing to move this Court to allow it to voluntarily withdraw its claim on April 19, 2019. Thus, Debtor has clearly failed to demonstrate that Secured Creditor knowingly and fraudulently filed a false proof of claim.

### ii. Debtor is not Entitled to Attorney's Fees under Fed. R. Bankr. P. 9011

Debtor also includes an argument for sanctions under Rule 9011 in the middle of Debtor's argument for sanctions under 11 U.S.C. § 105. Debtor's Counsel either knows or should know that this argument is improperly plead and completely inappropriate. Rule 9011 provides, in relevant part that "[a] motion for sanctions under this rule shall be made separately from other motions or requests . . . " and " . . . [t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision." Fed. R. Bankr. P. 9011(c)(1)(a). Debtor's Counsel has not requested sanctions under Rule 9011 in a separate motion, and Debtor's Counsel has not satisfied the 21-day safe harbor requirement. Thus, Debtor's request for sanctions under Rule 9011 should be denied.

///

///

13

### iii. Debtor's Attorney's Fees are not Reasonable

Debtor claims that his request for $12,832.75 in attorney's fees is reasonable. Without addressing whether or not Debtor's Counsel's exorbitant rate of $485 is reasonable on its face, this request is unreasonable for a variety of reasons. Foremost amongst these reasons is that it should not have taken three pleadings and two hearings for Debtor's Counsel to plead all the arguments Debtor's Counsel is now relying on in the Motion for Summary Judgment. If Debtor's Counsel was aware of the fact that Debtor had obtained a discharge in a prior Chapter 7 Bankruptcy case, it should have been plead in the first Objection to Claim. Also, if Debtor's Counsel was aware that the Property was sold to Maria Hasbun in 2016, Debtor's Counsel should not have repeatedly claimed that the Property was sold in 2014. Debtor's Counsel has unnecessarily dragged out these proceedings by failing to properly plead all the relevant facts and arguments that Debtor's Counsel had at his disposal.

Furthermore, Secured Creditor would like to highlight the fact that the fees requested by Debtor's Counsel increased from $5,504.75 to $12,832.75 solely as a result of Debtor's Motion for Summary Judgment, Debtor's Discovery Requests, and Debtor's Opposition to Secured Creditor's Motion to Withdraw its Proof of Claim. These pleadings and discovery requests were completely unnecessary, some of them were duplicative, and the Motion for Summary Judgment is entirely improper and should be stricken. Instead of simply allowing for the resolution of this matter through Secured Creditor's attempt to voluntarily dismiss its claim, Debtor's Counsel has attempted to hold Secured Creditor hostage in this case in an apparent attempt to shake it down for rapidly increasing attorney's fees. Finally, Secured Creditor notes that the cases referenced by Debtor's Counsel in which he was awarded attorney's fees were both a result of having to file a Motion to Compel in a discovery dispute. The instant case bears no resemblance to those cases and thus those cases are not relevant. The Court should deny Debtor's attorney's fees as

14

unreasonable and simply allow Secured Creditor to withdraw its Proof of Claim to resolve this matter without allowing Debtor to waste any additional time or resources of the Court.

### iv. Debtor's Request for Attorney's Fees Under Cal. Civil Code §1717 Should be Denied

As has already been made clear, Debtor is not entitled to attorney's fees under Cal. Civil Code § 1717 as Debtor cannot be deemed the prevailing party for the purposes of § 1717. See *In re Brosio*, 505 B.R. 903, 913 (B.A.P. 9th Cir. 2014) and the previous argumentation above. Thus, Debtor's request for attorney's fees under Cal. Civil Code § 1717 should be denied.

## D. Debtor's Motion for Attorney's Fees Should be Denied

Debtor also moves the Court for sanctions under 11 U.S.C. § 105(a) for violation of the Debtor's previous discharge injunction. Debtor essentially repeats his previous factual allegations and argues that they establish that Secured Creditor should be sanctioned for knowingly violating the Court's Order Discharging Debtor in his previous Chapter 7 bankruptcy case.

As Secured Creditor has previously argued and established herein, Debtor has not demonstrated and cannot demonstrate that Secured Creditor had actual knowledge that Debtor had obtained a discharge in Debtor's previous Chapter 7 bankruptcy case when Secured Creditor filed its Proof of Claim. Rather, it is clear that Secured Creditor first became aware of Debtor's Chapter 7 discharge after it was raised for the first time at oral argument by Debtor's Counsel on March 21, 2019. Subsequently, after further investigation of the facts and deliberation regarding its legal options, Secured Creditor filed a voluntary Motion to Withdraw its Proof of Claim on April 19, 2019. Debtor argues that the additional facts plead in Debtor's Amended Objection to Claim, filed April 8, 2019 are what induced Secured Creditor to withdraw its Proof of Claim when Debtor argues that it should be considered the prevailing party, but then claims Secured Creditor knew all of these facts prior to filing its Proof of Claim and throughout the litigation of

15

Debtor's Objection to the Proof of Claim. These two arguments are clearly inconsistent and imply that Debtor has good reason to believe that it, in fact, made Secured Creditor aware of a new fact when it first raised Debtor's prior discharge.

Furthermore, the cases cited by Debtor do not support the contention that Debtor is entitled to attorney's fees for violating the discharge injunction. First, in *In re Zilog, Inc.*, the court noted in reviewing the bankruptcy court's prior decision to grant sanctions for a violation of the discharge injunction that, "[i]t is clear from our cases, and should have been clear to the bankruptcy court, that knowledge of the injunction is a question of fact that can normally be resolved only after an evidentiary hearing." *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006). The Court went on to state that "[k]nowledge of the injunction, which is a prerequisite to its willful violation, cannot be imputed; it must be found. If, as here, the creditors dispute that they had such knowledge, a finding that they knew of the injunction, and thus willfully violated it, can only be made after an evidentiary hearing." *Id*. at 1008. Thus, because Secured Creditor disputes that it had any actual knowledge of the Debtor's prior discharge, the issue as to whether Secured Creditor had knowledge is a factual issue that would require an evidentiary hearing.

Second, in *In re Wynne*, the Court overruled a Motion to Dismiss filed by the Creditor and found that the essential elements to establish a cause of action for contempt for violating the discharge injunction had been met. *In re Wynne*, 422 B.R. 763, 769 (Bankr. M.D. Fla. 2010). However, this ruling falls short of making an actual finding and the facts in that case do not resemble the facts of this case. In that case debtors alleged that they received a discharge on October 28, 2008, and that the creditor was served with the discharge on October 30, 2008. *Id*. Despite being served with this discharge order, the creditor continued to report a delinquency regarding debtors' account to credit reporting agencies and proceeded to obtain a final summary judgment in a pending foreclosure action. *Id*. These facts hardly resemble the instant case, where

16

instead of being served with a discharge order and simply disregarding it upon being served, the instant case involved a Secured Creditor that was seemingly unaware of the entire bankruptcy filing at the time and proceeded to file a Proof of Claim through a completely different servicing approximately five years after the discharge order was entered.  Surely it is much more plausible in the instant case that Secured Creditor did not know about the discharge order, especially given the lapse in time and the fact that Debtor failed to even disclose his interest in the  Property in the previous case.  Also, there is a lack of significant immediate harm in this case.  Secured Creditor did not proceed with and win a foreclosure action.  Rather, Secured Creditor has voluntarily moved the Court to allow it to withdraw its claim and the bulk of the attorney's fees incurred by the Debtor appear to be for the purpose of preventing Secured Creditor from withdrawing the Proof of Claim without paying additional attorney's fees.

As has been previously mentioned, the facts do not support Debtor's contention that Secured Creditor had actual knowledge of the prior discharge upon the filing of its Proof of Claim, and Debtor presents no plausible legal argument or authority to demonstrate that Secured Creditor should be sanctioned for simply failing to immediately withdraw its Proof of Claim without further investigation or deliberation once Debtor's Counsel raised the issue at oral argument.

Finally, Secured Creditor again notes that both Debtor and Debtor's Counsel have exhibited a clear pattern of bad faith in this case.  Debtor has knowingly mislead the Court regarding the fact that he borrowed the funds from Secured Creditor in multiple pleadings and Debtor has continued to repeat these false assertions, including in Debtor's most recent Amended Objection to Secured Creditor's Proof of Claim.  Debtor's Counsel has prolonged the litigation of this matter by failing to raise all relevant facts and arguments in his initial pleading, or even his second pleading.  Debtor's Counsel has also engaged in bad faith in informing Secured Creditor

in writing that it had until April 10, 2019 to provide a response to Debtor's Counsel before Debtor's Counsel proceeded with additional pleadings and requests for attorney's fees and sanctions, and simply propounding discovery and an Amended Objection to Secured Creditor's Proof of Claim with requests for attorney's fees and sanctions on April 8, 2018. Thus, for these reasons and all the reasons herein mentioned, both law and equity weight clearly in favor of denying Debtor's Motion for Summary Judgment and multiple requests for attorney's fees and sanctions, and the Court should simply allow the matter to be resolved without any further waste of the Court's time and resources by granting Secured Creditor's Motion to Withdraw its Proof of Claim.

**E.     Debtor's Entire Motion for Summary Judgment and all the Motions Attached Thereto should be Stricken under Fed. Rule Civ. Pro. 12(f)**

"(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Finally, Secured Creditor moves this Court to Strike Debtor's entire Motion for Summary Judgment and all the motions and requests for fees and sanctions attached here to on the basis that these pleadings are redundant, immaterial, and impertinent within the meaning of Rule 12(f). First, these pleadings are redundant, in that all these issues have been pled in Debtor's Amended Objection to Secured Creditor's Proof of Claim, filed on April 8, 2019. Second, these pleadings are immaterial, in that the matter is already set to be resolved by Secured Creditor's voluntary dismissal of its claim. There is no need for the Court to make additional findings regarding the Motion for Summary Judgement or any other pleadings arising out of the Objection to Secured

18

Case: 18-51420    Doc# 84    Filed: 05/09/19    Entered: 05/09/19 22:25:19    Page 18 of 20

Creditor's Proof of Claim.  Rather, the Court can simply resolve all these matters by granting Secured Creditor's Motion to Withdraw the Proof of Claim.  Third, these pleadings are impertinent in that they do not pertain and are not necessary to the issues in question in this case.  The only relevant issue being litigated, is whether or not this court should grant Debtor's objection to Secured Creditor's Proof of Claim.  Secured Creditor's Motion to Withdraw its Proof of Claim renders the only issue moot.  The Motion for Summary Judgment and all motions attached thereto appear to have been filed solely for the purpose of increasing Debtor's Counsel's attorney's fees and preventing the resolution of the litigation until Debtor is awarded these fees.  Thus, Debtor's Motion for Summary Judgment and all other motions attached thereto should be stricken as improper pleadings.

WHEREFORE, Secured Creditor respectfully requests that:

1. Debtor's Motion for Summary Judgment be denied;
2. That all Debtor's motions and requests for attorney's fees and sanctions be denied;
3. That Secured Creditor be awarded reasonable attorney's fees due to Debtor's demonstrable bad faith actions in litigating this matter;
4. For other such relief as this Court deems just and proper.

Dated: May 9, 2019  Zieve, Brodnax & Steele, LLP

/s/ Mark S. Krause
Mark S. Krause, Esq.
Erin M. McCartney, Esq.
Attorneys for Secured Creditor,
Bank of America, N.A.

# CERTIFICATE SERVICE

I, **Michele Dapello**, certify that I am a resident of Orange County, California. I am over the age of 18 years and am not a party to the within action. My business address is 30 Corporate Park, Suite 450, Irvine, CA 92606.

On **May 9, 2019**, I served the within **OPPOSITION TO AND MOTION TO STRIKE DEBTOR'S MOTION FOR SUMMARY JUDGMENT, AND IN THE ALTERNATIVE SUMMARY ADJUDICATON ON DEBTOR'S OBJECTION TO CLAIM NUMBER 6 OF CREDITOR BANK OF AMERICA N.A. AND SHELLPOINT; DEBTOR'S MOTION FOR DETERMINATION OF PREVAILING PARTY STATUS; DEBTOR'S MOTION FOR ATTORNEY FEES; AND DEBTOR'S MOTION FOR CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage prepaid in the United States Mail at Irvine, California, addressed as follows:

| | |
|---|---|
| Chris Monet<br>1 Victor Square<br>Scotts Valley, CA 95066 | Andrew Christensen<br>1970 Broadway #550<br>Oakland, CA 94612 |

In addition to any paper copies served by U.S. Mail, registered ECF participants, including parties who have requested Special Notice in this case, will receive an electronic copy of the foregoing document when it has been filed with the Court.

| | |
|---|---|
| Andrew Christensen | andrew@californiahomelawyer.com |
| Devin Derham-Burk | ctdocs@ch13sj.com |
| United States Trustee | USTPRegion17.SJ.ECF@usdoj.gov |

I certify under penalty of perjury the foregoing is true and correct.

Executed on **May 9, 2019**, at Irvine, California.

/s/ Michele Dapello
**Michele Dapello**
